Li v. Lynch

BIA
Gordon-Uruakpa, IJ
A087 441 727

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand sixteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    RICHARD C. WESLEY,
>    CHRISTOPHER F. DRONEY,
>         *Circuit Judges.*

_____

SHUYI LI,
>    *Petitioner,*

>    v.                                    12-2124
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:         June Zhou, Deerfield Beach, Florida.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Christopher C. Fuller,
                        Deputy Chief; Alison Marie Igoe,
                        Senior Counsel, National Security
                        Unit, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shuyi Li, a native and citizen of the People's Republic of China, seeks review of an April 17, 2012, decision of the BIA affirming the October 9, 2009, decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shuyi Li*, No. A087 441 727 (B.I.A. Apr. 17, 2012), *aff'g* No. A087 441 727 (Immig. Ct. N.Y. City Oct. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Xu Sheng Gao v. U.S. Att'y Gen.*, 500 F.3d 93, 98 (2d Cir. 2007). The agency did not err in concluding that Li was statutorily barred from asylum and withholding of removal as a persecutor.

Under Immigration and Nationality Act ("INA") §§ 208(b)(2)(A)(i) and 241(b)(3)(B)(i), 8 U.S.C. §§ 1158(b)(2)(A)(i), and 1231(b)(3)(B)(i), an alien who has "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion" is ineligible for asylum and withholding of removal. These provisions are known collectively as the "persecutor bar." *Xu Sheng Gao*, 500 F.3d at 98.

Four elements must exist before the persecutor bar applies. *See Balachova v. Mukasey*, 547 F.3d 374, 384 (2d Cir. 2008). "First, the alien must have been involved in acts of persecution." *Id.* Second, a "nexus must be shown between the persecution and the victim's race, religion, nationality, membership in a particular social group, or political opinion." *Id.* Third, if the alien "did not incite, order, or actively carry out the persecutory acts, [he] must have assisted the persecution." *Id.* (internal quotation marks omitted). Finally, the applicant must have had "sufficient knowledge that his . . . actions [would] assist in persecution." *Id*. at 385.

At issue here is whether substantial evidence supports the conclusion that Li knowingly committed acts that assisted in forced abortions.  *See id.* at 384-85; *see also Yan Yan Lin v. Holder*, 584 F.3d 75, 80 (2d Cir. 2009) ("It is settled law that forced abortion is persecution on account of political opinion.").  This Court has found that when an individual's "conduct was active and had direct consequences for the victims, . . . it was 'assistance in persecution,'[but] [w]here the conduct was tangential to the acts of oppression and passive in nature, . . . it [did not] amount[] to such assistance."  *Zhang Jian Xie v. INS*, 434 F.3d 136, 143 (2d Cir. 2006).

Li's testimony reveals that, as a family planning clerk, he knew that reporting women who were in violation of the family planning policy to the director of his office would result in those women suffering forced abortions.  Furthermore, Li testified that he alone reported at least one family planning violation that directly led to a forced abortion.  He also testified that he conducted two other investigations, in which other family planning clerks were involved, that led to women being reported for violations and forced to undergo abortions.  Thus, Li's testimony

4

supports the agency's conclusion that he knowingly played a direct and consequential role in persecution. *See id.; see also Yan Yan Lin*, 584 F.3d at 81 (describing as tangential those acts that "did not contribute to, or facilitate, the victims' forced abortions in any direct or active way because they did not cause the abortions, nor did they make it more likely that they would occur." (internal quotation marks and alterations omitted)).

Moreover, even if voluntariness were relevant to the applicability of the persecutor bar, which it is not, there is no support for Li's contention that he had to work as a family planning clerk to support his family. In fact, Li testified that he remained in that position for the salary and government insurance although he could have found work in a private company and bought private insurance. *See Balachova*, 547 F.3d at 385; *see also Zhang Jian Xie*, 434 F.3d at 143.

We have suggested that redemptive acts might mitigate assistance in persecution in the persecutor bar context. *See Zhang Jian Xie*, 434 F.3d at 143-44. However, the agency did not err in concluding that the persecutor bar applied to Li regardless of the fact that he declined to report many family planning violators, particularly given his knowledge

5

of the consequences of the reports he had made and the fact that he did so as part of his voluntary employment. *See id.*

Accordingly, the evidence supports the agency's conclusion that Li's conduct constituted assistance in persecution rendering him statutorily ineligible for asylum and withholding of removal pursuant to the persecutor bar. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); *see also Balachova*, 457 F.3d at 384-85; *Zhang Jian Xie*, 434 F.3d at 143. Li does not challenge the IJ's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6